## Shulman, Inc., v. Sylvia Perskie

*Samuel J. Marks*, for plaintiff.
*Frank Bielitsky*, for defendant.

BURCH, J., December 29, 1960.—Plaintiff instituted an action in trespass to recover for alleged property damage caused by a collision between plaintiff's automobile and an automobile operated by defendant on the Benjamin Franklin Bridge which connects Philadelphia and Camden.

Plaintiff caused service to be made upon defendant at her residence in Margate, N. J., under the Nonresident Motorist Act of May 14, 1929, P. L. 1721, as amended, 75 PS §2001, which provides:

"From and after the passage of this act any nonresident of this Commonwealth, being the operator or owner of any motor vehicle, . . . who shall accept the privilege extended by the laws of this Commonwealth . . . shall, by such acceptance . . . and by the operation of such motor vehicle within the Commonwealth of Pennsylvania, make and constitute the Secretary of the Commonwealth of Pennsylvania, his, her, or their agent for the service of process in any civil suit . . ."

The complaint avers that the accident happened when defendant's vehicle approached the toll bridge on the Camden, N. J., side of the bridge. Defendant filed preliminary objections raising a question of jurisdiction.

The issue is whether defendant was operating her automobile within the Commonwealth of Pennsylvania at the time of the accident.

In 1783 Pennsylvania and New Jersey appointed commissioners for the purpose of settling jurisdiction of the Delaware River and entered into a compact which provided that the Delaware River in the whole length and breadth therof shall be a common highway and that each state shall enjoy and exercise a concurrent jurisdiction within and upon the water between the shores of said river: Act of September 20, 1783, 2 Sm. L. 77, 71 PS §1801, et seq.

In Neal v. Commonwealth, 17 S. & R. 67 (1827), it was held in an opinion by Chief Justice Gibson that the jurisdiction of the City of Philadelphia extends to the New Jersey shore.

The bridges connecting Pennsylvania and New Jersey were constructed or acquired by joint action of Pennsylvania and New Jersey under legislation enacted by both States (Act of May 8, 1919, P. L. 148, as amended), and the word "bridge" includes not only the actual bridge but the approaches thereto. The Commonwealth of Pennsylvania and the State of New Jersey entered into a compact creating the Delaware River Joint Commission to operate the bridge connecting Philadelphia and Camden now known as the Benjamin Franklin Bridge: Act of June 12, 1931, P. L. 575, 36 PS §3503. The agreement sets forth in the preamble that the Commonwealth of Pennsylvania and the State of New Jersey *are the joint owners* of the bridge.

Although the two States have delegated to an independent commission the power to operate the bridge, the bridge is the joint territory of both States. The ownership of one State cannot be severed from the ownership of the other State.

We hold that defendant was operating her automobile within this Commonwealth at the time of the accident and defendant's preliminary objections raising questions of jurisdiction are overruled.