## Domenick v. Sigler

*Raymond D. Rubens,* for plaintiff.
*Martin S. Kohn,* for defendant.

LORD, *J.,* April 22, 1982—This matter is before this court on preliminary objections to the complaint in trespass. The suit involves an automobile accident which occurred on the Benjamin Franklin Bridge which spans the Delaware River which serves as the boundary between the Commonwealth of Pennsylvania and the State of New Jersey. Defendant contends the accident occurred on the New Jersey portion of the bridge, that the accident occurred in

the State of New Jersey and that the court of common pleas is an improper forum for this suit. While there are no Pennsylvania appellate cases on point, an analysis of the pertinent statutes and interpretations thereof reveals the error of this argument.

In 1783, New Jersey and Pennsylvania entered into a compact which, inter alia, stated "[t]hat each state shall enjoy and exercise a concurrent jurisdiction with and upon the water[s]" of the Delaware River: 71 P.S. 1805 (Purdon 1962). While the language of the enactment does not expressly include bridges spanning the river, as there were no bridges at the time of execution of the compact, it has been held that the term "on the water" is not to be literally construed to limit the compact to occurrences taking place on the river itself, but also includes events taking place above the water which includes the bridges across the river: Com. v. Shaw, 8 Dist. 509 (1899). Also in Neal v. Com., 17 S. & R. 67 (1827), the Pennsylvania Supreme Court held that "the jurisdiction of the city [Philadelphia] authorities extends to the Jersey shore. In Shulman v. Perskie, 24 D. & C. 2d 118 (1980), it was held that a motorist involved in a collision on the "New Jersey side" of the Benjamin Franklin Bridge was operating his vehicle within the Commonwealth for the purposes of the Non-Resident Motorist Act of May 14, 1929, 75 P.S. §2001.

Pursuant to legislation enacted by Pennsylvania and New Jersey, the Benjamin Franklin Bridge was constructed and is jointly owned by the two states and is operated by the Delaware River Joint Commission, an independent commission created by joint legislation, Act of May 8, 1919, P.L. 148 as amended; 36 P.S. §3505, et seq. Nowhere in any of the foregoing legislation is any attempt made to divide the bridge at any point along its breadth for jurisdictional purposes.

Based on the foregoing, it is clear that the jurisdiction of the court of common pleas is proper and defendant's preliminary objections are overruled.