**LESCO RESTORATION, Petitioner**

v.

**WORKERS' COMPENSATION APPEAL BOARD (MITCHELL), Respondent.**

Commonwealth Court of Pennsylvania.

Submitted on Briefs Sept. 10, 2004.

Decided Oct. 15, 2004.

Reargument Denied Dec. 14, 2004.

Kriss E. Brown, Harrisburg, for petitioner.

Gary I. Spivack, Philadelphia, for respondent.

BEFORE: COLINS, President Judge, COHN JUBELIRER, Judge, and FLAHERTY, Senior Judge.

OPINION BY President Judge COLINS.

Lesco Restoration (Employer) petitions for review of an order of the Workers' Compensation Appeal Board that affirmed a decision of a Workers' Compensation Judge (WCJ) granting the claim petition filed by John Mitchell (Claimant).

Employer's challenge to the Board's decision arises under Section 322 of the Pennsylvania Workers' Compensation Act, Act of June 2, 1915, P.L. 736, *as amended*, 77 P.S. § 677, which provides: "It shall be unlawful for any employe to receive compensation under this act if he is at the same time receiving workers' compensation under the laws of . . . any other state for the same injury." In this case, Claimant was injured on January 21, 2000 and received workers' compensation benefits under the laws of New Jersey until May 2002, when, under New Jersey law, Employer no longer was required to pay benefits. Claimant filed the present claim petition on May 28, 2002, alleging injuries sustained in the same January 2000 work-related accident. The WCJ, affirmed by the Board, awarded benefits under Pennsylvania law for the period from the date of the work injury, less credit for the payments Employer made under the New Jersey Law.

The Board concluded that Section 322 is intended to prevent essentially two payments for the same injury, whereas in this case, the award provides the difference between benefits that Claimant received for the period of his disability in New Jersey and the benefits to which he would have been entitled had he filed his claim originally in Pennsylvania at the outset. The Board noted that the net result would be that an Employer would "have to pay no more than the highest compensation allowed by any single state having an applicable statute." Employer asserts that the Board reached an erroneous conclusion and that Claimant is entitled to compensation under the laws of Pennsylvania only from the date his New Jersey benefits terminated.

The decision upon which the Board and WCJ relied is *Merchant v. Workers' Compensation Appeal Board (TSL, Ltd.)*, 758 A.2d 762 (Pa.Cmwlth.2000). In *Merchant*, a WCJ had concluded that a workers' compensation claimant whose West Virginia workers' compensation benefits had terminated, and who had filed a claim petition under the Act, was entitled, under Section 322 to not only benefits from the date of West Virginia termination, but also benefits from the date of the original injury, less a credit for those payments made under the West Virginia laws. The Board reversed that part of the WCJ's decision allowing payment under the Act for the period for which the claimant had received payments from West Virginia. This Court affirmed the Board's legal conclusion, but remanded for a factual determination of the date upon which the West Virginia benefits had been terminated.

■ In the present case the Board concluded that, because Claimant filed his Pennsylvania claim petition subsequent to the termination of New Jersey benefits, Claimant is entitled to benefits from the date of his injury, less a credit to Employer, despite the fact that by doing so Claimant would be receiving benefits for the same period. The provision presents a test of statutory construction because, by waiting until **after** his New Jersey benefits were terminated, Claimant cannot be "re-

ceiving" Pennsylvania benefits "at the same time" he is receiving New Jersey benefits. The WCJ opined that Section 322 does not prohibit a claimant from concurrently filing a benefits petition, but only precludes the receipt of benefits at the same time a claimant is receiving benefits from another jurisdiction.

In *Merchant,* the Court noted that the Board had rejected an argument of that claimant involving another provision of the Act, Section 305.2[1], 77 P.S. § 411.2, which relates to injuries that occur outside Pennsylvania but are nevertheless covered by the Act. However, because the claimant did not pursue this argument, the Court elected not to consider whether Section 305.2 provides insight for interpreting Section 322. In this case, Claimant, in his brief, has raised Section 305.2 as rendering support for the proposition that Section 322 prohibits only double dipping.

Section 305.2 pertains solely to injuries occurring outside the territorial limits of Pennsylvania, and provides in pertinent part as follows:

(a) If an employe, while working outside the territorial limits of this State, suffers an injury on account of which he ... would have been entitled to the benefits provided by this act had such injury occurred within this State, such employe ... shall be entitled to the benefits provided by this act. . . .

(b) The payment or award of benefits under the workmen's compensation law of another state ... to an employe ... otherwise entitled on account of such injury ... to the benefits of the act shall not be a bar to a claim for benefits under this act; provided that claim under this act is filed within three years after such injury. . . . If compensation is paid or awarded under this act:

. . . .

(2) The total amount of all income benefits paid or awarded the employe under such other workmen's compensation law shall be credited against the total amount of income benefits which would have been due the employe under this act, had claim been made solely under this act.

■ The apparent purpose of subsection (b)(2) is to accomplish the very result that occurred in this case — to provide a claimant who is receiving or has received workers' compensation benefits from another jurisdiction with the right to file a petition under the Act for the same period covered by the other jurisdiction's benefits with the right to recover the more generous benefits available in Pennsylvania. Reading this provision, there is little doubt that, had Claimant, a resident of Pennsylvania, been injured in New Jersey, he would be entitled to the relief the Board here approved.

Under the rules of statutory construction, where two provisions of a statute, enacted at different periods in time conflict, courts must give meaning to the latter. 1 Pa.C.S. § 1934. However, in this case, Sections 322 and 305.2 do not clearly conflict. Section 305.2 provides for an award to a claimant of the highest level of benefits, but is silent as to the timing of receipt of those benefits. The later-enacted Section 322 does not conflict as to the amount of benefits, or the timing of a claim petition, but only as to the timing of the receipt of benefits. Thus, while Section 322 does not specify when a claimant may submit a petition, and dictates only that a claimant may not receive benefits from Pennsylvania at the same time he receives them from another state, Section 305.2

---

**1.** Added by Section 9 of the Act of December 5, 1974, P.L. 782.

provides for the type of credit at issue here.

Although Section 305.2 is not applicable to this case, we cannot ignore the incongruity that would result if we were to conclude that claimants who are injured in Pennsylvania are entitled to less generous benefits than those who are injured extra-territorially. Because Section 322 does not clearly foreclose a claimant's right to the receipt of benefits under the Act subsequent to the termination of another jurisdiction's award, albeit for the period covered by the other jurisdiction's benefits, and based upon the manifested legislative intent in section 305.2 to provide the maximum award for the **entire** period of injury, despite the grant of benefits by another jurisdiction, we conclude that the Board did not err in affirming the WCJ's decision. The order of the Board is affirmed.

### ORDER

AND NOW, this 15th day of October 2004, the order of the Workers' Compensation Appeal Board is affirmed.