IN THE COMMONWEALTH COURT OF PENNSYLVANIA

Zachary Kreschollek, : 
                    Petitioner : 
: No. 297 C.D. 2018
          v. : 
: Argued: November 13, 2018
Workers' Compensation Appeal Board : 
(Commodore Maintenance Corp.), : 
               Respondent : 

BEFORE:    HONORABLE MARY HANNAH LEAVITT, President Judge
                  HONORABLE PATRICIA A. McCULLOUGH, Judge
                  HONORABLE CHRISTINE FIZZANO CANNON, Judge

OPINION BY
JUDGE McCULLOUGH                            FILED: January 7, 2019

Zachary Kreschollek (Claimant) petitions for review of the February 14, 2018 order of the Workers' Compensation Appeal Board (Board) affirming the decision of the workers' compensation judge (WCJ) denying and dismissing Claimant's claim petition for lack of jurisdiction.

## Facts and Procedural History

The underlying facts of this case are not in dispute. The Benjamin Franklin Bridge spans the Delaware River and connects the cities of Philadelphia, Pennsylvania and Camden, New Jersey. The Benjamin Franklin Bridge is owned by the Delaware River Port Authority (DRPA), which in turn was created via a compact

between Pennsylvania and New Jersey.[1]  Pursuant to this compact, both Pennsylvania and New Jersey are recognized as joint owners of the bridge.  The DRPA serves as a regional transportation agency that oversees four bridges that span the Delaware River between Pennsylvania and New Jersey, including the Benjamin Franklin Bridge.[2]  In mid-2014, the DRPA began work on the Benjamin Franklin Bridge PATCO Track Rehabilitation Project (Project).[3]

Claimant resides in Philadelphia, Pennsylvania, and works as an apprentice industrial painter.  Commodore Maintenance Corp. (Employer) is a New York corporation that was hired as a subcontractor to do painting and lead abatement work on the Benjamin Franklin Bridge as part of the Project.  Employer reached out to local union halls in Pennsylvania and New Jersey for laborers.  As long as individuals had proper credentials and could pass a drug test, they were hired by Employer.  Claimant's local union hall advised him and other members to report to the job site and complete the necessary paperwork and drug test.  Claimant did so and was hired by Employer the next day.

Claimant worked on both the Pennsylvania and New Jersey sides of the bridge.  On September 3, 2014, Claimant was working on both sides of the bridge.  His primary job duty that day was as a vacuumer.  Claimant explained that after other employees sandblasted old material off the steel bridge supports, he would follow

---

[1] This joint compact is memorialized via statute at section 1 of the Act of June 12, 1931, P.L. 575, *as amended*, 36 P.S. §3503.

[2] The other bridges include the Walt Whitman, Commodore Barry, and Betsy Ross Bridges.

[3] PATCO refers to the Port Authority Transit Corporation, which is also owned by the DRPA and runs a rapid transit system between Philadelphia and Camden.  The transit system crosses the Delaware River on tracks that are part of the bridge system.  The Project included replacing the entire track system on the Benjamin Franklin Bridge, replacing railroad systems, and performing structural rehabilitation/maintenance.

along and vacuum up the sand and material that accumulated below. While working on the ground underneath the PATCO rail line on the New Jersey side of the bridge that day, Claimant was accidentally struck on the back of his left arm by a blast of sand. Claimant instinctively attempted to dive out of the way of the stream of sand. As he tried to escape the blast, Claimant broke his fall with his right hand, which caused his wrist to snap back. Claimant immediately advised his supervisor that he was injured and sought medical treatment.

Employer accepted a workers' compensation claim in New Jersey and paid benefits to Claimant according to New Jersey law. In fact, Claimant was paid temporary total disability benefits under New Jersey law from September 3, 2014, through February 8, 2016. Approximately two months later, on April 6, 2016, Claimant filed a claim petition in Pennsylvania for the same incident seeking ongoing disability benefits. Specifically, Claimant alleged injuries to his "right upper extremity, right arm, right wrist, and right hand." (Reproduced Record (R.R.) at 2a.) Claimant acknowledged that Employer had accepted his claim and paid benefits under New Jersey law. Employer filed an answer raising, *inter alia*, a jurisdictional defense, since Claimant was injured in New Jersey, not Pennsylvania. The WCJ bifurcated the case to first address this jurisdictional question.

At a hearing before the WCJ on May 12, 2016, Claimant testified as to the nature of his job and the incident that led to his injuries, as described above. Claimant submitted photographs of the area in which he was injured, which showed a fenced-in area with signs attached to the fencing stating "NO TRESPASSING BY ORDER OF THE DELAWARE RIVER PORT AUTHORITY." (R.R. at 79a.) Claimant also submitted correspondence from AIG, Employer's workers' compensation insurance carrier, dated February 12, 2016, reflecting the payment of temporary total disability benefits from September 3, 2014, through February 8,

3

2016. AIG noted in this correspondence that Claimant was no longer eligible for benefits under New Jersey law as his treating doctor "had placed [Claimant] at Maximum Medical Improvement as of 02/08/2016." (R.R. at 85a.)

Christopher McGuinness, Employer's Managing Director, testified on Employer's behalf at a hearing before the WCJ on August 16, 2016. McGuinness testified that Employer is a construction firm that primarily does concrete highway maintenance, bridge maintenance, bridge painting, and repair work in New York and New Jersey. While he started with Employer in 2015, after Claimant's work injury, he stated that he was familiar with the Benjamin Franklin Bridge Project because it was still ongoing when he started and he ultimately became project manager from April 2015 until the Project's completion in January 2016. McGuinness described Employer's duties as stripping/blasting the paint off existing and new structural steel repairs and applying new coatings. He confirmed that Employer, which only does union work, originally reached out to local union halls in Pennsylvania and New Jersey for workers for the bridge project.

McGuinness explained the process for hiring workers for the bridge project. As long as potential workers were in good standing in their respective unions and had the proper Occupational and Safety Health Administration certificates, he noted that their names were submitted to the DRPA and they underwent a two- to three-hour training session relating to working on a bridge. After that training seminar and drug testing, the individuals could start working. McGuinness also explained that each morning, the job site or what is called the "shakeup site" was set up in Camden, New Jersey, which was where new employees filled out tax forms and where hired employees reported each day. (R.R. at 70a.) Finally, he noted that Employer has no offices, garages, or equipment sites in Pennsylvania. On cross-examination, McGuinness stated that the shakeup site was within a DRPA fenced-in

4

area in Camden, about 100 yards from the bridge. He also acknowledged that Claimant could have worked on the Pennsylvania side of the bridge over the course of his employment.

By decision and order dated December 5, 2016, the WCJ denied and dismissed Claimant's claim petition. The WCJ concluded that Claimant's September 3, 2014 injuries did not fall under the jurisdiction of the Pennsylvania Workers' Compensation Act (Act).[4] The WCJ disagreed with "Claimant's representation that a contract of hire was finalized in Pennsylvania," when the evidence revealed that Employer merely reached out to local union halls for workers and Claimant only needed to show up to work with the proper credentials and pass a drug test to be hired. (WCJ Finding of Fact No. 9.) Although Claimant was a Pennsylvania resident and actually performed some work on the Pennsylvania side of the bridge, the WCJ specifically found that "there [was] no dispute that at the time the injury occurred [Claimant] was not on a bridge, and was not off the ground, but rather, it happened when his feet were planted firmly on the ground in the state of New Jersey." (WCJ Finding of Fact No. 10.) Finally, the WCJ found as follows:

> Section 305.2[5] of the Workers' Compensation Act does not apply because no contract was entered into in Pennsylvania, only a referral made by a union hall, and Claimant would have to show that the work contracted for was not principally located in any other state. The purpose of this catch-all is to protect a claimant where no state will assume jurisdiction. However, in the case at bar, Claimant

---

[4] Act of June 2, 1915, P.L. 736, *as amended*, 77 P.S. §§1-1041.4 – 2501-2708.

[5] Added by the Act of December 5, 1974, P.L. 782, *as amended*, 77 P.S. §411.2. Section 305.2 of the Act addresses injuries sustained outside of Pennsylvania and the requirements for compensability under the Act. However, Claimant concedes in his brief that this section is not applicable here. *See* Claimant's brief at 14, n.4.

has been paid benefits in accordance with New Jersey law, so he is not facing any such prejudice.

(WCJ Finding of Fact No. 11.)

Claimant appealed to the Board, but the Board affirmed. The Board stated that there was no need to address the issue of ownership of the Benjamin Franklin Bridge because Claimant was on the ground in New Jersey, not on the bridge itself, at the time he was injured. Further, the Board agreed with the WCJ that section 305.2 of the Act was inapplicable in this case.

## Discussion

On appeal to this Court,[6] Claimant argues that the Board erred as a matter of law in affirming the WCJ's decision that his claim falls outside the jurisdiction of the Act. More specifically, Claimant argues that both Pennsylvania and New Jersey jointly own the bridge and any adjacent land and structures, and, hence, any injury on the joint territory occurs in both Pennsylvania and New Jersey.

Generally, "in a claim proceeding, the employee bears the burden of establishing a right to compensation and of proving all necessary elements to support an award, including the burden to establish the duration and extent of disability." *Pennsylvania Uninsured Employers Guaranty Fund v. Workers' Compensation Appeal Board (Bonner & Fitzgerald)*, 85 A.3d 1109, 1114-15 (Pa. Cmwlth. 2014). However, this appears to be an issue of first impression for the Court, *i.e.*, whether

---

[6] Our scope of review is limited to determining whether the findings of fact are supported by substantial evidence, whether an error of law has been committed, or whether constitutional rights have been violated. Section 704 of the Administrative Agency Law, 2 Pa.C.S. §704; *Meadow Lakes Apartments v. Workers' Compensation Appeal Board (Spencer)*, 894 A.2d 214, 216 n.3 (Pa. Cmwlth. 2006).

6

Pennsylvania's joint ownership of property conveys jurisdiction over a workers' compensation claim under the Act.

**Joint Compact**

We begin with the joint compact entered into between Pennsylvania and New Jersey. This compact established the Delaware River Bridge Joint Commission, which, by supplemental agreement in 1951, was renamed the DRPA. Article I of the Compact describes the public purposes for which the DRPA was created, including, *inter alia*:

> (a) The operation and maintenance of the bridge, owned jointly by the two States, across the Delaware River between the City of Philadelphia in the Commonwealth of Pennsylvania and the City of Camden in the State of New Jersey, including its approaches, and the making of additions and improvements thereto.
>
> (b) The effectuation, establishment, construction, acquisition, operation and maintenance of railroad or other facilities for the transportation of passengers across any bridge or tunnel owned or controlled by the commission, including extensions of such railroad or other facilities necessary for efficient operation in the Port District.
>
> . . .
>
> (j) The establishment, maintenance, rehabilitation, construction and operation of a rapid transit system for the transportation of passengers, express, mail, and baggage, or any of them, between points in New Jersey within the Port District and points in Pennsylvania within the Port District, and intermediate points.

*See* Article I(a), (b), and (j) of the Compact; 36 P.S. §3503. Further, the terms "bridge" and "tunnel" are defined together under the compact as follows:

> "Bridge" and "tunnel" shall include such approach highways and interests in real property necessary therefor in

7

the Commonwealth of Pennsylvania or the State of New Jersey as may be determined by the commission to be necessary to facilitate the flow of traffic in the vicinity of a bridge or tunnel or to connect a bridge or tunnel with the highway system or other traffic facilities in said Commonwealth or said State . . . .

Article XIII of the Compact.

However, as Employer correctly notes in its brief, the Compact does not make any reference to jurisdiction for purposes of workers' compensation claims, let alone confer jurisdiction to Pennsylvania authorities under the Act for injuries occurring in New Jersey. In this regard, there is no dispute that Claimant was not injured on the bridge itself or on a highway or road leading to the bridge. Rather, Claimant was injured while working underneath the bridge and standing on the ground in New Jersey. Section 101 of the Act addresses the application of the Act and explicitly states that the Act "shall apply to all injuries **occurring within this Commonwealth**." 77 P.S. §1 (emphasis added). Claimant's injuries simply did not occur in this Commonwealth.

### Section 305.2 of the Act

Section 101 further provides that the Act shall apply "extraterritorially as provided by section 305.2." However, section 305.2 of the Act only applies to injuries sustained in very limited circumstances, including where:

    (1) His employment is principally localized in this State, or

    (2) He is working under a contract of hire made in this State in employment not principally localized in any state, or

    (3) He is working under a contract of hire made in this State in employment principally localized in another state whose workmen's compensation law is not applicable to his employer, or

(4) He is working under a contract of hire made in this State for employment outside the United States and Canada.

77 P.S. §411.2(a)(1)-(4)  As noted above, Claimant concedes in his brief that this section is not applicable here.  Nevertheless, Claimant cites to the rationale for section 305.2 discussed by this Court in *Lesco Restoration v. Workers' Compensation Appeal Board (Mitchell)*, 861 A.2d 1002 (Pa. Cmwlth. 2004), *appeal denied*, 885 A.2d 44 (Pa. 2005), as highlighting why he is seeking benefits under the Act after initially proceeding under New Jersey law.[7]  In *Lesco*, we stated as follows:

> The apparent purpose of subsection (b)(2) is to accomplish the very result that occurred in this case - to provide a claimant who is receiving or has received workers' compensation benefits from another jurisdiction with the right to file a petition under the Act for the same period covered by the other jurisdiction's benefits with the right to recover the more generous benefits available in Pennsylvania. Reading this provision, there is little doubt that, had Claimant, a resident of Pennsylvania, been injured in New Jersey, he would be entitled to the relief the Board here approved.

---

[7] In *Lesco*, we affirmed an order of the Board that affirmed a WCJ's order granting a claimant's claim petition.  In that case, the claimant sustained injuries while working in New Jersey on January 21, 2000.  The claimant received benefits under New Jersey law until May 2002, when, under that state's law, he was no longer entitled to the same.  Shortly thereafter, the claimant filed a claim petition under the Act essentially seeking benefits for the same work accident.  The WCJ awarded benefits to the claimant, less credit for the payments made by the employer under New Jersey law, and the Board affirmed.  The discussion of section 305.2 of the Act related to its interplay with section 322 of the Act, 77 P.S. §677, which precludes a claimant from receiving compensation under the Act at the same time he is receiving workers' compensation from the federal government or any other state.  The employer in *Lesco* argued that section 322 of the Act precluded the claimant from receiving benefits in Pennsylvania.  Ultimately, in light of the legislative intent manifest in section 305.2 and because section 322 did not foreclose a claimant's right to receipt of benefits under the Act subsequent to the termination of another jurisdiction's award, we concluded that the Board did not err in affirming the WCJ's decision.

*Id.* at 1004. Additionally, in *Lesco*, we noted the "manifested legislative intent in section 305.2 to provide the maximum award for the **entire** period of injury, despite the grant of benefits by another jurisdiction." *Id.* at 1005 (emphasis in original). However, the fact remains that the General Assembly intended section 305.2 to operate as an exception to the general rule that the Act only applies to injuries occurring within this Commonwealth and to apply only in limited circumstances, *i.e.*, if a claimant meets one of the four prerequisites noted above, which Claimant admittedly does not meet in this case. Hence, given the undisputed facts of this case, the rationale underlying section 305.2 and discussed in *Lesco* does not support Claimant's argument here.

**Court of Common Pleas Decisions**

Moreover, we note that Claimant relies on several decisions from the Court of Common Pleas of Philadelphia County relating to the concurrent jurisdiction of Pennsylvania and New Jersey over the DRPA property.[8] However, aside from the fact these cases are not binding on this Court, each case is factually distinguishable from the present case in that each involved a motor vehicle accident occurring on the span of either the Benjamin Franklin or Walt Whitman Bridges and the propriety of a suit initiated in this Commonwealth related to said accidents. As noted above, Claimant was not injured on the bridge itself. Additionally, none of these cases involved claims for work-related injuries under the Act.

---

[8] These cases included *Haq v. Novak*, 83 Pa. D. & C.4th 79 (2006), *Domenick v. Sigler*, 23 Pa. D. & C.3d 765 (1982), and *Shulman, Inc. v. Perskie*, 24 Pa. D. & C.2d 118 (1960).

**Conclusion**

Because Claimant sustained his injuries while standing on the ground in New Jersey, the Board did not err as a matter of law in affirming the WCJ's decision that his claim falls outside the jurisdiction of the Act.

_____
PATRICIA A. McCULLOUGH, Judge

# IN THE COMMONWEALTH COURT OF PENNSYLVANIA

Zachary Kreschollek,              :
           Petitioner       :
                     :  No. 297 C.D. 2018
         v.            :
                     :
Workers' Compensation Appeal Board  :
(Commodore Maintenance Corp.),    :
           Respondent   :

## *ORDER*

AND NOW, this 7th day of January, 2019, the order of the Workers' Compensation Appeal Board, dated February 14, 2018, is hereby affirmed.

_____
PATRICIA A. McCULLOUGH, Judge