IN THE COMMONWEALTH COURT OF PENNSYLVANIA

Porscha Purnell,                      :
            Petitioner        :
                              :
          v.                  :
                              :
Catholic Health Services LLC   :
d/b/a Catholic Health Group    :
(Workers' Compensation      :
Appeal Board),              :   No. 508 C.D. 2021
           Respondent     :   Submitted: December 17, 2021


BEFORE:   HONORABLE RENÉE COHN JUBELIRER, Judge[1]
                HONORABLE ANNE E. COVEY, Judge
                HONORABLE CHRISTINE FIZZANO CANNON, Judge

OPINION NOT REPORTED

MEMORANDUM OPINION BY
JUDGE COVEY                            FILED: March 21, 2022


        Porscha Purnell (Claimant) petitions this Court for review of the Workers' Compensation (WC) Appeal Board's (Board) April 22, 2021 order affirming the WC Judge's (WCJ) decision that granted Claimant's Claim Petition for WC benefits (Claim Petition) for the closed period from November 9, 2018 through February 11, 2019. Claimant presents one issue for this Court's review: whether the Board erred by affirming the WCJ's determination that Claimant fully recovered from her work-related injury as of February 12, 2019. After review, this Court affirms.

        Claimant was employed as a certified nursing assistant (CNA) for Catholic Health Services LLC d/b/a Catholic Health Group (Employer). On

---

[1] This case was assigned to the opinion writer before January 7, 2022, when Judge Cohn Jubelirer became President Judge.

November 9, 2018, Claimant experienced a sharp pain in her right elbow, right bicep, right shoulder, and right hand while transferring a resident from a bed to a wheelchair. She reported the incident to Employer, sought treatment with Employer's panel physician at Concentra, and was placed on light-duty work - giving residents water, distributing basins and urinals, accompanying residents to and from activities, feeding residents, and shredding papers.

On November 16, 2018, Employer issued a medical-only Notice of Temporary Compensation Payable (NTCP), which indicated that Claimant sustained a right upper arm strain or tear on November 9, 2018. On January 24, 2019, Employer issued an amended medical-only NTCP, reflecting that Claimant sustained a right elbow strain or tear and noting that the injury was to her right upper arm. Claimant performed the light-duty work from November 9, 2018 to February 1, 2019, when her doctors at the Maria De Los Santos Health Center declared that Claimant was disabled from all employment.

On February 6, 2019, Employer filed a Notice Stopping Temporary Compensation and a Notice of WC Denial, reflecting that Employer declined to pay Claimant WC benefits because "[Claimant] did not suffer a work-related injury." Reproduced Record (R.R.) at 48a.

On April 10, 2019, Claimant filed the Claim Petition alleging that she sustained a right shoulder sprain/strain, right elbow sprain/strain, and right wrist sprain/strain at work on November 9, 2018. Therein, Claimant sought partial disability benefits from November 9, 2018 to February 1, 2019, and total disability benefits from February 2, 2019 onward. Employer opposed the Claim Petition.

The WCJ held hearings on May 8, 2019 and March 11, 2020. On July 29, 2020, the WCJ granted the Claim Petition in part, ordering Employer to pay Claimant's medical bills related to her November 9, 2018 work injury through February 11, 2019, but terminated her WC benefits as of February 12, 2019. The

2

WCJ also awarded Claimant litigation costs. Both parties appealed to the Board. On April 22, 2021, the Board affirmed the WCJ's decision. Claimant appealed to this Court.[2]

Claimant argues that the Board erred by affirming the WCJ's decision that Claimant fully recovered from her work injury as of February 12, 2019, despite medically unrebutted testimony that her right upper extremity injury worsened as of March 18, 2019.

"Generally, 'in a claim proceeding, the employee bears the burden of establishing a right to compensation and of proving all necessary elements to support an award, including the burden to establish the duration and extent of disability.'" *Kreschollek v. Workers' Comp. Appeal Bd. (Commodore Maint. Corp.)*, 201 A.3d 916, 919 (Pa. Cmwlth. 2019) (quoting *Pa. Uninsured Emps. Guar. Fund v. Workers' Comp. Appeal Bd. (Bonner & Fitzgerald)*, 85 A.3d 1109, 1114-15 (Pa. Cmwlth. 2014)). Further, the law is well established that

> [t]he WCJ is the fact[-]finder, and it is solely for the WCJ . . . to assess credibility and to resolve conflicts in the evidence. Neither the Board nor this Court may reweigh the evidence or the WCJ's credibility determinations. In addition, it is solely for the WCJ, as the fact[-]finder, to determine what weight to give to any evidence. . . . As such, the WCJ may reject the testimony of any witness in whole or in part, even if that testimony is uncontradicted.

*W. Penn Allegheny Health Sys. v. Workers' Comp. Appeal Bd. (Cochenour)*, 251 A.3d 467, 475 (Pa. Cmwlth. 2021) (quoting *Hawbaker v. Workers' Comp. Appeal*

---

[2] "[This Court's] review determines whether there has been a violation of constitutional rights, whether errors of law have been committed, whether board procedures were violated, or whether necessary findings of fact are supported by substantial evidence." *Bryn Mawr Landscaping Co. v. Workers' Comp. Appeal Bd. (Cruz-Tenorio)*, 219 A.3d 1244, 1252 n.5 (Pa. Cmwlth. 2019).

*Bd. (Kriner's Quality Roofing Servs. & Uninsured Emp. Guar. Fund)*, 159 A.3d 61, 69 (Pa. Cmwlth. 2017) (internal citations, quotations, and brackets omitted)).

In addition,

"[f]or purposes of appellate review, it is irrelevant whether there is evidence to support contrary findings; if substantial evidence supports the [fact-finder]'s necessary findings, those findings will not be disturbed on appeal."[3] *Verizon* [*Pa.*] *Inc. v. Workers' Comp*[.] *Appeal* [*Bd.*] *(Mills)*, 116 A.3d 1157, 1162 (Pa. Cmwlth. 2015). When "performing a substantial evidence analysis, this Court must view the evidence in a light most favorable to the party who prevailed before the fact-finder." *WAWA v. Workers' Comp*[.] *Appeal* [*Bd.*] *(Seltzer)*, 951 A.2d 405, 408 (Pa. Cmwlth. 2008). Further, when determining whether substantial evidence exists to support a finding of fact, this Court must give to the party in whose favor the appealed decision was decided "the benefit of all inferences that can logically and reasonably be drawn from the evidence." *B.J.K. v. Dep*[*'t*] *of Pub*[.] *Welfare*, 773 A.2d 1271, 1276 (Pa. Cmwlth. 2001).

*Obimak Enter. v. Dep't of Health*, 200 A.3d 119, 126 (Pa. Cmwlth. 2018).

At the hearing in the instant matter, Claimant testified that she reported her work injury to Employer, sought treatment, and worked light duty until her family physician took her out of work completely. Claimant described that she has constant pain in her right wrist, right elbow, and right shoulder, she cannot straighten her right arm or raise it overhead, her right hand and fingers shake, she cannot make a fist, and she sweats. She explained that she was unable to undergo physical therapy due to pain and panic attacks, and she was unable to tolerate an electromyography procedure (EMG) because of the needles utilized for the test. Claimant stated that

---

[3] "Substantial evidence is such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Obimak Enter. v. Dep't of Health*, 200 A.3d 119, 126 (Pa. Cmwlth. 2018) (quoting *B.B. Kim's Mkt., Inc. v. Dep't of Health, Div. of Women, Infants & Child. (WIC)*, 762 A.2d 1134, 1135 (Pa. Cmwlth. 2000)).

she wears a brace on her right arm, but complained that it becomes painful when she wears it for long periods.

Claimant stated that shredding five papers at a time at work caused her right arm to swell. She declared that her children and husband do the chores at home and, since she is unable to take care of herself, her daughter and husband help her dress and do her hair. Claimant asserted that she cannot write or hold a glass with her right hand, but acknowledged caring for her three-year-old child and taking selfies posted on Facebook that she took with her right hand. She claimed that she is unable to return to her pre-injury job or light-duty work for Employer.

Claimant also presented the testimony of family physician Michael McCoy, M.D. (Dr. McCoy).[4] Dr. McCoy took Claimant's work injury history, including that her family doctor concluded she was disabled from working as of February 13, 2019, and examined Claimant on March 18, 2019, at which time he observed that she exhibited right shoulder atrophy, swelling in her right forearm, radiating pain on manipulation, and shaking. Dr. McCoy diagnosed Claimant with a right wrist sprain/strain and right ulnar neuropathy versus brachial plexopathy related to the November 9, 2018 work incident, and opined that Claimant was totally disabled as of that date.

Dr. McCoy also treated Claimant on April 1, April 22, May 13, June 3, July 1, and August 13, 2019, and continued to observe resting tremors in her right arm. He reviewed the results of magnetic resonance imaging (MRI) scans taken of Claimant's right elbow on February 1 and May 20, 2019, her cervical spine and right shoulder on May 19, 2019, and her right wrist on May 26, 2019. He observed during Claimant's August 13, 2019 visit that a recent wrist injection afforded her significant pain relief, but she still had swelling in her wrist. At that time, Dr. McCoy diagnosed

---

[4] Dr. McCoy has not been board certified in family medicine since 2015.

5

Claimant with De Quervain's tenosynovitis, complex regional pain syndrome (CRPS), right wrist strain/sprain, and right shoulder strain/sprain, which he attributed to her work injury. Dr. McCoy concluded that she continued to be disabled due to her November 9, 2018 work injury, her prognosis is guarded, and she is unable to return to gainful employment. Dr. McCoy testified that Claimant takes Cymbalta for nerve pain and she has been referred for pain management injections. Dr. McCoy continues to treat Claimant monthly.

The WCJ summarized based on Dr. McCoy's testimony:

[Dr. McCoy] agreed that [] Claimant was referred to him by counsel. He also admittedly had no firsthand knowledge of [] Claimant's condition prior to March 18, 2019. [Dr. McCoy] understood that the light[-]duty position involved only shredding papers, and he had not reviewed a job description. [Dr. McCoy] did not measure [] Claimant's right arm or shoulder during examination. [Dr. McCoy] agreed that [] Claimant's symptoms remained the same despite treatment, and had worsened, as of May 13, 2019. [] Claimant had shaking in the arm during Tinel's testing on March 18, 2019, but tremors were not mentioned in his reports until June 3, 2019. [] Claimant's condition continued to worsen in June, July and August despite being out of work. [Dr. McCoy] did not diagnose CRPS until the August 13, 2019 visit. [Dr. McCoy] admittedly did not review the MRI films. Pain out of proportion to an inciting event can also be a sign of symptom magnification. [Dr. McCoy] noted that he was no longer including a right shoulder strain and sprain in his work-related diagnoses; he did not believe that [Claimant] had this diagnosis. [] Claimant had admittedly not undergone EMG testing as of the time of [Dr. McCoy's] deposition.

WCJ Dec. at 11 (R.R. at 439a).

Employer presented the deposition of board-certified orthopedic surgeon, Stephanie Sweet, M.D. (Dr. Sweet), who specializes in upper extremities (i.e., the elbows, wrists, and hands). Dr. Sweet reviewed Claimant's medical

6

records, took her medical history, and conducted an independent medical examination of Claimant on February 12, 2019. Dr. Sweet observed that Claimant was not wearing a brace, and Claimant informed her that she could do activities of daily living and got herself dressed. Dr. Sweet stated that she did not objectively find anything during Claimant's physical examination to corroborate Claimant's subjective complaints of pain. Rather, Dr. Sweet found that Claimant's "symptoms are largely subjective and there is pain out of proportion to physical findings." R.R. at 137a. Dr. Sweet observed that Claimant had "exaggerated resting tremors, almost volitional." R.R. at 102a. In her March 1 and November 1, 2019 addendum reports, Dr. Sweet opined that Claimant's objective tests showed no significant abnormality. Dr. Sweet disagreed with Dr. McCoy's CRPS diagnosis, stating that Claimant did not meet the criteria of CRPS and, thus, Claimant did not require ongoing pain management. Although Dr. Sweet agreed that Claimant suffered a work-related right elbow extension injury on November 9, 2018, she opined that Claimant had fully recovered, and she was capable of returning to her pre-injury job with Employer as a CNA without any restrictions.

The WCJ found Dr. Sweet's testimony more credible than Dr. McCoy's, explaining:

> This [WCJ] finds the testimony and opinions of Dr. Sweet that the Claimant suffered an extension injury of the right elbow from which she was fully recovered as of February 12, 2019[,] to be more credible and persuasive than the testimony of Dr. McCoy. Significant to this determination are the following: Dr. Sweet, a Board[-]Certified orthopedic surgeon with a practice focused on upper extremity injuries, was more highly qualified to render an opinion in this matter than Dr. McCoy, a family physician with no Board certifications; Dr. McCoy did not begin treating [] Claimant until six weeks after she discontinued working at the request of counsel; Dr. Sweet's diagnosis and opinions were consistent with the mechanism of injury, her clinical examination findings, her extensive

7

review of medical records, and the diagnostic test results; unlike Dr. Sweet, Dr. McCoy did not measure [] Claimant's upper extremities; Dr. McCoy admittedly did not reference tremors in his medical records until June 3, 2019.

WCJ Dec. at 21 (R.R. at 449a).

On appeal, the Board concluded:

Claimant was able to meet [her] burden of proving she sustained a work-related extension injury to the right elbow from November 9, 2018 through February 11, 2019[,] based on her credited testimony and that of Dr. Sweet . . . . Because the WCJ did not accept Claimant's evidence as to an ongoing disability, but accepted Dr. Sweet's opinion of full recovery, the WCJ did not err in granting the claim for a closed period.

Board Op. at 7 (R.R. at 460a). After a thorough review, this Court agrees that substantial record evidence supported the WCJ's findings and conclusion that Claimant fully recovered from her work injury as of February 12, 2019. Accordingly, the Board properly affirmed the WCJ's decision.

Based on the foregoing, the Board's order is affirmed.

_____
ANNE E. COVEY, Judge

8

IN THE COMMONWEALTH COURT OF PENNSYLVANIA

Porscha Purnell,                              :
                    Petitioner               :
                                             :
        v.                                   :
                                             :
Catholic Health Services LLC                 :
d/b/a Catholic Health Group                  :
(Workers' Compensation                       :
Appeal Board),                               :        No. 508 C.D. 2021
                    Respondent               :


# O R D E R

AND NOW, this 21st day of March, 2022, the Workers' Compensation Appeal Board's April 22, 2021 order is affirmed.


_____

ANNE E. COVEY, Judge