646 A.2d 24

**GIANT FOOD STORES, INC., Petitioner,**

**v.**

**DEPARTMENT OF HEALTH, Respondent.**

Commonwealth Court of Pennsylvania.

Argued May 13, 1994.

Decided July 14, 1994.

Michael D. Reed, for petitioner.

Kenneth E. Brody, Asst. Counsel, for respondent.

Before COLINS, SMITH and PELLEGRINI, JJ.

COLINS, Judge.

Giant Food Stores, Inc. (Giant), petitions this Court for review of an August 26, 1993 order [1] of a Hearing Examiner for the Department of Health (Examiner) which affirmed the Department of Health's (Department) denial of Giant's application for recertification of Giant Food Store No. 53's (Store 53) participation in the Supplemental Food Program for Women, Infants and Children (WIC).[2]

Store 53, located on Jonestown Road in Harrisburg, Pennsylvania, participated in the WIC program for the 1991–93 certification period. In January 1993, Giant applied for recertification of Store 53 as a WIC vendor store in the subject geographical area, for the period beginning in March 1993.

1. Consolidated with this appeal to the Examiner was an appeal regarding Giant Store No. 35 (Store 35), located on Oakhurst Boulevard, Harrisburg, PA, which was also denied recertification by the Department for the same reasons as Store 53. The examiner found errors in the price comparison performed at Store 35, and on account of these errors, reversed the Department's decision and reinstated Store 35 to the WIC program. The Department did not appeal this decision, and consequently, the examiner's decision regarding Store 35 is not here for review.

2. The WIC program is a special supplemental food program for low income pregnant or postpartum women, infants, and children up to their fifth birthday, who are at nutritional risk because of medical problems or poor diets. It is funded by the Commonwealth and the United States Department of Agriculture. Vendors which participate in the WIC program are issued the WIC Retail Store Handbook (handbook) which outlines conditions of participation and applicable federal regulations.

Three competitor stores also applied for certification in that geographic area.

The Department conducted field surveys at each of the four stores to determine whether each satisfied the selection criteria contained in the handbook. While the Department determined that all four stores satisfied the selection criteria detailed in the handbook, the geographic area in question was only approved for two stores. In order to eliminate one of the stores, the Department used a price comparison system, which involved selecting the highest priced items in WIC food categories at each store to determine the cost the Department would incur by WIC participants purchasing their food packages at each store. The two stores with the lowest total cost for the food package would receive the contract. Notice of use of this system was not contained in the handbook given to all applicants but was allegedly contained in a January 1993 letter sent by the Department to all applicants.

On March 1, 1993, the field survey was conducted at Store 53. By letter dated March 19, 1993, Giant was notified that its application for recertification of Store 53 was not approved, because total shelf prices of items in each WIC food category [3] at Store 53 were higher than the prices at other stores in that area seeking certification in the WIC program.[4] On March 30, 1993, Giant notified the Department of its intent to appeal the Department's decision disapproving recertification of Store 53.

On April 30, 1993, a hearing was held before the Examiner, at which Michael W. Schappell (Schappell), WIC Retail Store Coordinator, testified on behalf of the Department and Ray-

3. There are eight categories of foods available to those participating in the WIC program. Those are: formula; milk; natural domestic cheese; grade "A" eggs; juices; cereal; peanut butter; and dried peas and beans.

4. In this case, Store 53 carried so-called gourmet brands in each category. Thus, when the price comparison was conducted, these gourmet brands were compared to different and lesser priced brands in the competitor stores. By way of example, in the peanut butter category, the highest priced item at Store 53 was Smuckers, at a cost of $2.30 per unit, while at one of the stores that received certification, Weis Markets, the highest priced item in that category was Reese's, at a cost of $2.25 per unit.

mond T. Hironimus (Hironimus), Vice-president of Sales and Marketing for Giant Food Stores, testified on behalf of Giant. Giant argued before the Examiner that the Department's price comparison system for granting certification for participation in the WIC program among competing stores, which is not published in the handbook, is a regulation which must be published, and since it is not published, it is void. Giant also argued that the price comparison system is inherently irrational and unreliable.

The Examiner, in a decision dated August 26, 1993, concluded that it was not necessary to determine if the price comparison system is a regulation, because the Department gave Giant notice of the use of the system prior to beginning the certification process via the January 1993 letter. The Examiner also concluded that the price comparison system was not irrational and unreliable but was a valid exercise of the Department's discretion. Giant then filed a petition for review to this Court, raising three issues.

Giant argues first that the Examiner erred in upholding the Department's exclusion of Store 53 from the WIC program based upon the Department's use of unpublished selection criteria. Secondly, Giant argues that the Examiner erred in upholding the Department's exclusion of Store 53 from the program on the basis of a price comparison method which has no rational basis and is an abuse of the Department's discretion. Lastly, Giant argues that the Examiner erred in failing to apply a consistent standard where the record indicates similar pricing mistakes in both Store No. 35 and Store No. 53.

This Court's "scope of review, regarding an adjudication of [the Examiner] is limited to determining whether petitioner's constitutional rights were violated, whether errors of law have been committed ..., and whether necessary findings are supported by substantial evidence on the record." *Superior Stores Company v. Pennsylvania Department of Health, Special Supplemental Food Program for Women, Infants and Children*, 151 Pa.Commonwealth Ct. 102, 106, 616 A.2d 166, 168 (1992).

■ Regarding its first issue, Giant argues that the Department failed to give proper notice of the workings of the price comparison system prior to denying Store 53's application for recertification in the WIC program. The Department counters Giant's argument by arguing that the January 1993 letter put Giant on notice of the price comparison system. Specifically, the Department argues that the letter states in the first paragraph that as part of the WIC field survey,

> [t]he WIC representative *will collect the highest shelf prices of WIC allowable food items,* check the expiration dates marked on products to ensure they are not stale-dated, and ensure that you have the required quantity of WIC foods available on the sales floor.

(Emphasis added.) The Department further argues that the last sentence of the letter states: "If each store meets all requirements, the State Agency will approve or disapprove applications based upon the competing store prices." The Department thus concludes that the combination of these two sentences was sufficient to place Giant on notice of the workings of the price comparison system. The Examiner, agreeing with the Department, and also taking into account Giant's prior participation in the WIC program, determined this to be sufficient notice. We, however, disagree and reverse.

■ A reviewing court may modify or reverse an agency order, under the terms of the Administrative Agency Law,[5] if any finding of fact made by the agency and necessary to support its adjudication is not supported by substantial evidence. *Slawek v. State Board of Medical Education and Licensure,* 526 Pa. 316, 586 A.2d 362 (1991). Substantial evidence is "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Mihok v. Department of Public Welfare, Woodville State Hospital,* 147 Pa.Commonwealth Ct. 344, 349, 607 A.2d 846, 849 (1992).

A review of the record, in regard to the Department's placing Giant on notice of the use of this price comparison system, shows that the Examiner's conclusion regarding notice

5. 2 Pa.C.S. §§ 501–508, 701–704.

was not based on substantial evidence. First and foremost, there is no mention made in the record that Giant had ever been subjected to this price comparison system. Second, while it is true the January 1993 letter mentions that in the event of too many stores qualifying for a limited number of positions in the program, the Department will make its decisions based on the "competing stores' prices," the letter does not indicate that any explanation of the price comparison system's workings was given to the participating stores.[6] A review of Part IV of the handbook, where the terms and conditions of vendor participation in the program are listed and explained, shows that this price comparison system is not outlined therein.[7] Further, at the hearing before the Examiner, Schappell, testifying on behalf of the Department, admitted on cross examination that this price comparison system is not spelled out in Part IV of the handbook or anywhere else.[8]

6.    MR. SCHAPPELL: On the second page of the letter, as I had stated previously that was missing in my exhibit, the last paragraph, the very last sentence states, "If each store meets all requirements, the State Agency will approve or disapprove applications based on the competing stores' prices."
    MR. REED: I don't want to belabor the obvious, but I'd like to ask just one question. Mr. Schappell, that doesn't say anything about the formula upon which those prices will be compared, does it?
    MR. SCHAPPELL: No, it does not.
Notes of Testimony (N.T.) at 19.

7.    Regarding the Department's use of shelf prices in the certification process, the handbook merely states that one of the terms and conditions of vendor participation in the WIC program is that "[s]helf prices are competitive (no more than 20% above the average cost for same food package) with other WIC stores." Handbook at 3.

8.    [By Mr. Reed]
    Q:    There's no place in the WIC handbook—and you spell out your criteria at pages 2 and 3 in that handbook—there's no place in that criteria which spells out to these stores how these prices are to be compared? When you say we came to the final determining factor which was to compare the prices, there's nothing in here that spells out how that store would be compared, is there?
    A:    No, there is not.
    Q:    There's nothing in the state, statute or regulations that spells that out, is there?
    A:    No, there is not.
    Q:    And there's nothing in the federal regulations or statutes that spells that out, is there?

Therefore, it is clear that based upon the evidence of record, the Examiner's conclusion that the Department had given sufficient notice of its use of the price comparison system to Giant prior to performing the price comparison analysis is not supported by substantial evidence. Accordingly, we reverse the decision of the Examiner.[9]

## *ORDER*

AND NOW, this 14th day of July, 1994, the order of the Hearing Examiner for the Department of Health in the above-captioned matter is reversed.

A: No, there is not.
N.T. at 9–10.
[By Mr. Reed]
Q: And the price comparison that you're talking about is not one of those terms and conditions as it's spelled out in either the handbook or the regulations, correct?
A: No, it isn't.
N.T. at 34.

9. Our resolution of this issue makes consideration of Giant's remaining issues unnecessary.