**B.B. KIM'S MARKET, INC., Petitioner,**

v.

**DEPARTMENT OF HEALTH, DIVISION OF WOMEN, INFANTS & CHILDREN (WIC), Respondent.**

Commonwealth Court of Pennsylvania.

Argued Oct. 5, 2000.

Decided Nov. 16, 2000.

Gerald J. McConeghy, Philadelphia, for petitioner.

Karin Simpson Gutshall, Harrisburg, for respondent.

Before COLINS, Judge, SMITH, Judge and MIRARCHI, Senior Judge.

COLINS, Judge.

B.B. Kim's Market, Inc. (Market) petitions this Court for review of a February 23, 2000 order of a Hearing Examiner for the Department of Health ("Examiner") which affirmed the Department of Health's (Department) denial of the Market's application for recertification of the Market's participation in the Supplemental Food Program for Women, Infants, and Children (WIC).[1]

The Market is a store located at 2952 North Fifth Street in Philadelphia, that was authorized to participate in the WIC program. Participating stores are recertified every two years. Mr. Moon C. Baek, manager of the store, was advised by the Department's local agency, NORTH, Inc. (NORTH), on July 19, 1999 that the store's recertification review was scheduled for the week of July 26, 1999. During the review on July 27, 1999, the representatives found the store did not have the minimum requirement of six cans of powdered infant formula. Baek asserts that he bought two cases of six cans each of powdered milk, but that, the cans were sold on the previous day and the day of the visit. He produced a copy of a customer's check as proof of the purchase of four cans.

Based on the results of the review, the WIC Program sent a letter dated December 22, 1999 to Baek notifying him that the Market's application for recertification had been denied. The Market filed a timely appeal on January 4, 2000. A hearing was held on February 7, 2000, and the Examiner found that the store failed to meet the selection and limitation criteria set forth in § 1103.4(a)(5) of the Pennsylvania WIC Program Regulations (Regulations).[2] The Examiner further found that Baek was not credible. This petition for review followed.

This Court's scope of review is limited to determining whether the petitioner's constitutional rights were violated, whether errors of law have been committed, and whether necessary findings are supported by substantial evidence of record. *Superior Stores Company v. Pennsylvania Department of Health, Special Supplemental Food Program for Women, Infants, and Children,* 151 Pa.Cmwlth. 102, 616 A.2d 166 (1992). Substantial evidence is such relevant evidence as a reasonable mind might accept as adequate to support a conclusion. *Giant Food Stores, Inc. v. Department of Health,* 166 Pa. Cmwlth. 52, 646 A.2d 24 (1994).

The Market contends that the WIC program regulations and notices are confusing and contradictory and that the regulations are vague because they do not provide a time period in which to allow a WIC store participant to obtain new WIC required stock when it sells out of a particular item. The Market asserts that the printed materials sent to the Baek were confusing in light of the testimony of the Department

---

1. The WIC program is a special supplemental food program for low-income, pregnant or postpartum women, infants, and children up to their fifth birthday, who are at nutritional risk because of medical problems or poor diets. The Commonwealth and the United States Department of Agriculture fund the program. Vendors who participate in the WIC program are issued the WIC Retail Store Handbook which outlines conditions of participation and applicable federal regulations.

2. 28 Pa.Code § 1103.4(a)(5).

representatives. The Market argues that testimony was not consistent with the written documents provided to the Market and that it was not clear how many cans it needed to stock.

The statutory language required for minimum inventory is found in Section 1103.5 of the Pennsylvania WIC Program Regulations (Regulations). The minimum requirements of allowable foods are as follow:

(1) Formula

  (i) Contract milk-based formula with iron.

    (A) Sixty-two 13 ounce cans of liquid concentrate,

    (B) Twenty-five 32 ounce cans of ready-to-feed; and

    (C) Six 14.1–ounce cans of powdered.

28 Pa.Code § 1103.5.

■ The Market's argument is without merit. First, the Examiner stated that Baek's testimony was not credible. The Examiner is empowered to determine matters of credibility.[3] The Examiner concluded from the testimony of WIC representatives and from a review of the evidence, that the WIC regulations were violated, and this conclusion is supported by substantial evidence in the record. The store was clearly required to have six cans of powdered milk on display. Baek was notified by letter dated July 15, 1999, that the Department would publish regulations which apply to WIC authorized stores. A copy of the Federal and State WIC Program regulations and the WIC Food List were provided at that time. The letter states that a WIC representative will:

[c]heck inventory of WIC allowable foods to ensure that the *required minimum inventory of WIC foods* set forth in § 1103.5 is available on the sales floor. Please note that this review of inventory does not include the merchandise in the stockroom. Foods must be on the sales floor available for purchase by participants to be considered in meeting minimum inventory requirements.

By letter dated July 19, 1999, the Market was put on notice of a recertification visit for the week of July 26, 1999, which notice further reminded the Market to review the program regulations. Baek failed to ensure that he had sufficient quantities, and there was no powdered milk in the store. Therefore, based upon the evidence of record, the Examiner's conclusion that the Department had given unambiguous and sufficient notice is supported by substantial evidence.

■ Second, the Market argues that a lack of a time requirement leads to arbitrary and discriminatory enforcement because whether a store is in violation could depend solely on what time of the day the inspection was done. We disagree. The Regulation clearly provides that a participant must maintain minimum inventory requirements on the sales floor.[4] It follows that a store should adjust its inventory to ensure that the minimum requirements are always available at the store. This guarantees that the item is on display when a parent makes a trip to a participating store.

Accordingly, we affirm the order of the Examiner.

*O R D E R*

AND NOW, this 16th day of November 2000, the order of the Hearing Examiner in the above-captioned matter is affirmed.

---

**3.** 28 Pa.Code § 1111.10(b) ("The decision of the hearing examiner shall comply with applicable Federal law, and Federal and State regulations."); 2 Pa.C.S.A. § 704 (on review, we can only examine the record to determine whether it contains substantial evidence to support the findings made and adjudication rendered); *see also Bucks County Children and Youth Social Services Agency v. Department of Public Welfare,* 151 Pa.Cmwlth. 110, 616 A.2d 170 (1992).

**4.** 28 Pa.Code. § 1103.5.