IN THE COMMONWEALTH COURT OF PENNSYLVANIA

Silvestre Castro,                          :
                    Petitioner             :
                                           :
            v.                             :
                                           :
Farmer's Pride (Workers'                   :
Compensation Appeal Board),                :     No. 804 C.D. 2021
                    Respondent             :     Submitted: December 3, 2021


BEFORE:     HONORABLE RENÉE COHN JUBELIRER, Judge[1]
            HONORABLE ANNE E. COVEY, Judge
            HONORABLE CHRISTINE FIZZANO CANNON, Judge

OPINION NOT REPORTED

MEMORANDUM OPINION BY
JUDGE COVEY                                      FILED: February 9, 2022


            Silvestre Castro (Claimant) petitions this Court for review of the
Workers' Compensation (WC) Appeal Board's (Board) July 7, 2021 order affirming
the WC Judge's (WCJ) decision that granted Claimant's Claim Petition for a closed
period from March 28 through December 10, 2019, and directed Farmer's Pride
(Employer) to reimburse Claimant $704.00 in litigation costs. Claimant presents
two issues for this Court's review: (1) whether the Board erred by affirming the
WCJ's decision that Claimant fully recovered from his work injury; and (2) whether
the Board erred by affirming the WCJ's exclusion of certain litigation costs from
Employer's reimbursement. After review, this Court affirms.

_____

[1] This case was assigned to the opinion writer before January 7, 2022, when Judge Cohn
Jubelirer became President Judge.

In August 2018, Employer hired Claimant in its sanitation/janitorial department. On January 22, 2019, Claimant was working, picking up trash and either recycling or disposing of it, when he slipped on ice in the parking lot and fell backwards hitting the back of his neck. Claimant immediately felt pain in his left arm, shoulder, and mid-back.

On February 7, 2019, Employer issued a medical-only Notice of Temporary Compensation Payable (NTCP), that converted to a Notice of Compensation Payable (NCP), accepting a strain or tear of Claimant's left shoulder that occurred on January 22, 2019. On June 21, 2019, Claimant filed the Claim Petition alleging that he sustained injuries to his left shoulder, left thoracic region, and neck after he slipped and fell on January 22, 2019. Therein, Claimant sought ongoing total disability benefits as of March 27, 2019, along with payment of his medical bills and counsel fees. On July 1, 2019, Employer issued an amended medical-only NCP, accepting the same injury specified in the original NTCP. On January 16, 2020, Employer filed a Termination Petition, asserting that Claimant fully recovered from his work injury as of December 11, 2019.

The WCJ held hearings on July 29 and December 23, 2019, and February 25, 2020. On August 14, 2020, the WCJ granted the Claim Petition for the limited period from March 28 through December 10, 2019, and directed Employer to reimburse Claimant $704.00 in litigation costs. Claimant appealed to the Board. On July 7, 2021, the Board affirmed the WCJ's decision. Claimant appealed to this Court.[2]

---

[2] "[This Court's] review determines whether there has been a violation of constitutional rights, whether errors of law have been committed, whether board procedures were violated, or whether necessary findings of fact are supported by substantial evidence." *Bryn Mawr Landscaping Co. v. Workers' Comp. Appeal Bd. (Cruz-Tenorio)*, 219 A.3d 1244, 1252 n.5 (Pa. Cmwlth. 2019).

Claimant first argues that the Board erred by affirming the WCJ's decision that Claimant fully recovered from his work injury. Specifically, Claimant contends: (1) Employer's medical expert, Amir H. Fayyazi, M.D. (Dr. Fayyazi), never found that Claimant had a left shoulder sprain; (2) Dr. Fayyazi did not examine Claimant on December 11, 2019, the date the WCJ terminated WC benefits; and (3) the WCJ found Claimant credible, and Claimant did not testify that he is fully recovered from his work injury.

The law is well established that

> [t]he WCJ is the fact[-]finder, and it is solely for the WCJ . . . to assess credibility and to resolve conflicts in the evidence. Neither the Board nor this Court may reweigh the evidence or the WCJ's credibility determinations. In addition, it is solely for the WCJ, as the fact[-]finder, to determine what weight to give to any evidence. . . . As such, the WCJ may reject the testimony of any witness in whole or in part, even if that testimony is uncontradicted.

*W. Penn Allegheny Health Sys. v. Workers' Comp. Appeal Bd. (Cochenour)*, 251 A.3d 467, 475 (Pa. Cmwlth. 2021) (quoting *Hawbaker v. Workers' Comp. Appeal Bd. (Kriner's Quality Roofing Servs. & Uninsured Emp. Guar. Fund)*, 159 A.3d 61, 69 (Pa. Cmwlth. 2017) (internal citations, quotations, and brackets omitted)).

In addition,

> "[f]or purposes of appellate review, it is irrelevant whether there is evidence to support contrary findings; if substantial evidence supports the [fact-finder]'s necessary findings, those findings will not be disturbed on appeal."[3] *Verizon* [*Pa.*] *Inc. v. Workers' Comp*[.] *Appeal* [*Bd.*] *(Mills)*, 116 A.3d 1157, 1162 (Pa. Cmwlth. 2015). When "performing a substantial evidence analysis, this Court must view the evidence in a light most favorable to the

---

[3] "Substantial evidence is such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Obimak Enter. v. Dep't of Health*, 200 A.3d 119, 126 (Pa. Cmwlth. 2018) (quoting *B.B. Kim's Mkt., Inc. v. Dep't of Health, Div. of Women, Infants & Child. (WIC)*, 762 A.2d 1134, 1135 (Pa. Cmwlth. 2000)).

3

party who prevailed before the fact-finder." *WAWA v. Workers' Comp*[.] *Appeal* [*Bd.*] *(Seltzer)*, 951 A.2d 405, 408 (Pa. Cmwlth. 2008). Further, when determining whether substantial evidence exists to support a finding of fact, this Court must give to the party in whose favor the appealed decision was decided "the benefit of all inferences that can logically and reasonably be drawn from the evidence." *B.J.K. v. Dep*[*'t*] *of Pub*[.] *Welfare*, 773 A.2d 1271, 1276 (Pa. Cmwlth. 2001).

*Obimak Enter. v. Dep't of Health*, 200 A.3d 119, 126 (Pa. Cmwlth. 2018).

With respect to whether Dr. Fayyazi acknowledged Claimant's left shoulder strain, Dr. Fayyazi expressly testified:

Q. Okay. Thank you, Doctor. Now, there was a medical-only temporary -- or a[n] [NTCP] for medical treatment only issued on February 7, 2019[,] that accepted responsibility for **a strain or tear of the shoulder**, and this study also indicates that Claimant had discomfort on the left shoulder and upper back. Were you able to review this notice prior to -- prior to deposition?

A. Yes.

Q. Okay. Doctor, **do you have an opinion** as of [September 18, 2019,] the date of your [independent medical examination (]IME[)] **whether** [] **Claimant was fully recovered from this accepted work injury**?

A. **Yes**, **I feel that he was fully recovered from the accepted work injury**.

Reproduced Record (R.R.) at 135a-136a (emphasis added).

Concerning the effective date of the WCJ's termination of Claimant's WC benefits, i.e., December 11, 2019, Employer's medical expert, Stephen P. Banco, M.D. (Dr. Banco), related:

Q. . . . Doctor, did you have the opportunity to perform an [IME] of [] [C]laimant in this case on **December 11, 2019**?

A. Yes.

4

. . . .

Q. . . . Now, the January 22, 2019 -- well, first off, you did diagnose an upper back strain, correct?

A. Correct.

. . . .

Q. Now, at the time of your examination, the diagnosis you diagnosed, the upper back strain, would that have been fully recovered?

A. Yes.

Q. Now, the work injury in this case was accepted through a Notice – a[n] [NTCP] for medical treatment only dated February 7, 2019, for **an injury described as a strain or tear of the shoulder**, **of the left shoulder**.

However, there is a narrative description in that document that talks about [] [C]laimant[] having discomfort in his shoulder and his upper back.

So to the extent that there is a component of the injury that has been accepted through this Medical[-]Only [NCP], I want to ask you about that.

A. Okay.

Q. I also understand there was an amended notice, I think, that had basically the same description. So we're talking about a potentially accepted injury to the upper back.

A. Okay.

Q. **To the extent that that injury has been accepted**, **do you have an opinion within a reasonable degree of medical certainty [] as to whether or not [] [C]laimant has fully recovered from that injury at the time of your IME**?

A. **He has**.

R.R. at 191a, 210a-213a (emphasis added).

5

Finally, relative to the WCJ finding Claimant's testimony credible, the WCJ explained: "[The WCJ] finds Claimant's testimony credible. This finding is based upon [the WCJ's] personal observation of Claimant's demeanor the [two] times he testified. **The cause of Claimant's continuing complaints**, **and whether they are related to the work injury**, **is largely a medical issue**." R.R. at 295a; WCJ Dec. at 11 (emphasis added).

The WCJ found Dr. Fayyazi's and Dr. Banco's testimony credible.[4] *See* R.R. at 295a; WCJ Dec. at 11. Giving Employer "the benefit of all inferences that can logically and reasonably be drawn from the evidence[,]" *Obimak*, 200 A.3d at 126 (quoting *B.J.K.*, 773 A.2d at 1276), as this Court must, substantial evidence supported the WCJ's conclusion that Claimant had fully recovered from his work injury as of December 11, 2019. Accordingly, the Board properly affirmed the WCJ's decision that Claimant fully recovered from his work injury.

Claimant next argues that the Board erred by affirming the WCJ's exclusion of the bulk of Claimant's litigation costs from Employer's reimbursement. Specifically, Claimant contends that, because he prevailed in expanding his work injury and his wage loss, he was entitled to the cost of his doctor's deposition, as well as the costs of Dr. Fayyazi's and Dr. Banco's deposition transcripts, regardless of whether he prevailed on the termination issue.

Initially, Claimant's work injury was expanded solely on the basis of Dr. Fayyazi's testimony, which lined up with the Claim Petition. *See* R.R. at 296a; WCJ Dec. at 12 n.19. The WCJ directed that Claimant be reimbursed for the transcripts for the three hearings held in this matter and Dr. Fayyazi's deposition.

---

[4] The WCJ determined that Dr. Fayyazi's and Dr. Banco's "opinions that Claimant has fully recovered from his work injury are consistent with their review of the medical records and diagnostic tests and their physical examination findings." R.R. at 295a-296a; WCJ Dec. at 11-12.

Section 440(a) of the WC Act (Act)[5] provides:

> In any contested case where the insurer has contested liability in whole or in part, . . . **the employe** . . . **in whose favor the matter at issue has been finally determined in whole or in part shall be awarded**, in addition to the award for compensation, **a reasonable sum for costs incurred** for attorney's fee, witnesses, necessary medical examination, and the value of unreimbursed lost time to attend the proceedings: Provided, That cost for attorney fees may be excluded when a reasonable basis for the contest has been established by the employer or the insurer.

77 P.S. § 996(a) (emphasis added). "In order for litigation costs to be considered reasonable, and thus reimbursable under Section 440(a) [of the Act], they must 'relate to the 'matter at issue' on which Claimant prevailed.'" *O'Neill v. Workers' Comp. Appeal Bd. (News Corp. Ltd.)*, 29 A.3d 50, 58 (Pa. Cmwlth. 2011) (quoting *Jones v. Workers' Comp. Appeal Bd. (Steris Corp.)*, 874 A.2d 717, 722 (Pa. Cmwlth. 2005)).

> Here,

> Claimant [] submitted litigation costs totaling $3,216.10, $529.00 of which are the costs of the transcripts for the [three] hearings held in this matter. The remaining costs are [Claimant's medical expert, Steven E. Diamond, D.O.'s (]Dr. Diamond[)] deposition fee ($2,000.00) and the cost of the transcripts for Dr. Fay[y]a[]zi ($175.00), Dr. Banco ($231.50) and Dr. Diamond ($280.40).

R.R. at 296a; WCJ Dec. at 12. The WCJ determined: "Claimant is entitled to $704.00 in litigation costs. The remainder of Claimant's litigation costs relate to the depositions of Doctors Diamond and Banco, whose medical opinions were either rejected or did not support Claimant's allegation of continuing disability." R.R. at 297a; WCJ Dec. at 13.

---

[5] Act of June 2, 1915, P.L. 736, *as amended*, added by Section 3 of the Act of February 8, 1972, P.L. 25, 77 P.S. § 996(a).

On appeal, the Board accurately explained:

> Claimant was partially successful in that he secured benefits for a closed period, entitling him to an award of costs. There was a medical[-]only NCP for a left shoulder strain and **Dr. Diamond testified in support of expanding the nature of the injury and of continuing disability but the WCJ chose to reject his testimony**. Further, **the testimony of Dr. Banco**, as the WCJ found, **did not support an allegation of continuing disability** but, in fact, supported a termination of benefits.

R.R. at 310a; Bd. Op. at 7 (emphasis added).

Because Claimant did not prevail on those parts of the litigation, Claimant was not entitled to reimbursement of those costs. Accordingly, the Board properly affirmed the WCJ's exclusion of a portion of Claimant's litigation costs from Employer's reimbursement.

For all of the above reasons, the Board's order is affirmed.

_____
ANNE E. COVEY, Judge

8

# IN THE COMMONWEALTH COURT OF PENNSYLVANIA

Silvestre Castro,  :
               Petitioner  :
                             :
          v.  :
                             :
Farmer's Pride (Workers'  :
Compensation Appeal Board),  :   No. 804 C.D. 2021
               Respondent  :

## O R D E R

AND NOW, this 9th day of February, 2022, the Workers' Compensation Appeal Board's July 7, 2021 order is affirmed.

_____
ANNE E. COVEY, Judge