IN THE COMMONWEALTH COURT OF PENNSYLVANIA

Satta Hoff and Executive African :
Food & Fashion, :
     Petitioners :
         :
    v. : No. 1784 C.D. 2024
         : Submitted: March 3, 2026
Department of Health, :
     Respondent :

BEFORE: HONORABLE RENÉE COHN JUBELIRER, President Judge
     HONORABLE ANNE E. COVEY, Judge
     HONORABLE STACY WALLACE, Judge

OPINION NOT REPORTED

MEMORANDUM OPINION BY
PRESIDENT JUDGE COHN JUBELIRER   FILED: June 10, 2026

  Satta Hoff (Hoff) and Executive African Food & Fashion (Store) (together, Petitioners) seek review of a December 13, 2024 Adjudication and Order of a Hearing Examiner, disqualifying Store from participating in the Pennsylvania Special Supplemental Nutrition Program for Women, Infants and Children (WIC) for a period of three years. Store was also directed to reimburse the Department of Health, Bureau of WIC (Department) a total of $358.07. Petitioners argue any discrepancy between documented inventory and WIC redemptions was an unintentional mistake, and the Department's imposition of the maximum disqualification is extreme under the circumstances. Petitioners also ask the Court to remand so that they can introduce receipts showing compliance. Because the Adjudication and Order was issued before the Petitioners filed their "Motion to

Remand or Reconsider based on Newly Available Evidence" (Motion) and the receipts Petitioners seek to introduce should have been available at the time of the hearing, we must deny the Motion. Moreover, because there is substantial evidence to support the Hearing Examiner's findings and because the disqualification period is mandatory, we are constrained to affirm.

Store, which is owned by Hoff, is an authorized WIC vendor. (Adjudication, Findings of Fact (FOF) ¶¶ 1, 4.) As a vendor, Store is subject to inventory audits, which compare a store's WIC redemptions with its documented inventory. (*Id.* ¶ 9.)[1] Pursuant to a vendor agreement, Store authorizes the Department personnel to monitor for compliance and conduct such audits, and Store must make available inventory and accounting records. (*Id.* ¶ 6.) In a July 2023 letter, the Department requested Store provide purchase records for formula and WIC eligible nutritionals for the period of January 1, 2023, through June 20, 2023.[2] (*Id.* ¶¶ 10-11.) Store had until August 4, 2023, to provide the records,[3] which was extended to August 19, 2023, at Store's request. (*Id.* ¶¶ 11, 15-16.) On August 22, 2023, the Department sent a second letter requesting records for the same period with a due date of

_____

[1] The Department's regulations define an "[i]nventory audit" as

[a] comparison of a WIC authorized store's inventory levels of a particular allowable food over a specific period of time, to purchases of the allowable food with WIC checks during the same period of time, to determine if the store had a quantity of the allowable food available for sale during that time sufficient to support its claim for reimbursement for the sale of the allowable food.

28 Pa. Code § 1101.2.

[2] Although six months of records are requested, initially only three months are reviewed. (FOF ¶ 12.) If discrepancies are found in the initial three-month review, records from the other months are then examined. (*Id.* ¶ 13.)

[3] The Adjudication appears to include a typographical error, reflecting the documents were due August 4, 202**4**. (FOF ¶ 11.)

September 1, 2023.  (*Id.* ¶¶ 17-18.)  Store again asked for an extension, which was granted.  (*Id.* ¶¶ 20-21.)  On September 15, 2023, Store provided purchase records, several of which were illegible.  (*Id.* ¶¶ 22-23.)  Accordingly, the Department asked Store to resubmit them.  (*Id.* ¶ 24.)

On September 26, 2023, after not receiving legible copies of the purchase records, the Department issued its initial disqualification letter and sought reimbursement for $8,326.70, which reflected the inventory for which documentation was not provided.  (*Id.* ¶¶ 27-30; Certified Record (C.R.) at 3-6.)  Store appealed and provided additional purchase records, which the Department reviewed.  (FOF ¶¶ 31-32; C.R. at 15-39.)  Based on the new purchase records, the Department reduced the amount of reimbursement to $358.07, reflecting 6 containers of PediaSure Strawberry RTU,[4] 102 containers of PediaSure Vanilla with Fiber RTU, and 1 container of Similac Advance Powder.  (*Id.* ¶¶ 33-35.)

There were discrepancies in some of the documentation Store submitted.  For example, although they contained the same invoice number (JT4412), an invoice from TJ Wholesale shows a sales date of June 2, 2023, at 4:13:45 p.m., whereas a receipt shows a sales date of February 16, 2023, at 2:01:41 p.m.  (*Id.* ¶¶ 48-49.)  There were other discrepancies noted with other invoices and receipts that were provided.  (*See id.* ¶¶ 51-54.)  Given the discrepancies and because they did not appear to be "original" records, the Department declined to accept them, and even if they had been accepted, there was still a discrepancy in documented inventory to support the reimbursements Store received for PediaSure products.  (*Id.* ¶¶ 55-56.)

---

[4] RTU means ready to use.  (C.R. at 192.)

Petitioners appealed the disqualification and a hearing before a Hearing Examiner was scheduled.[5] At the hearing, Luke Sutliff, formerly of the Department's Vendor Management Section and current Public Health Program Manager, testified for the Department, and Hoff and her daughter Maya Dukuly testified on Petitioners' behalf.[6]

Following the hearing, the Hearing Examiner issued the Adjudication and Order, and based on the above findings, concluded Store received more in reimbursement than its documented inventory showed in stock and there was a pattern of receiving redemptions in excess of inventory. (Adjudication, Conclusions of Law (COL) ¶¶ 8, 10.) The Hearing Examiner credited the testimony of Department's witness, Sutliff, in addition to Department's documentary evidence. (Adjudication at 20.) The Hearing Examiner explained that, "despite multiple opportunities over the course of over 11 weeks . . . , Store was ultimately unable to provide satisfactory documentation to support all of its redemptions. . . ." (*Id.*) The Hearing Examiner explained the Department's willingness to review additional documentation, some of which it accepted to reduce the reimbursement amount owed. (*Id.* at 21-22.) The Hearing Examiner continued:

> Even as late as the date of the first scheduled hearing, the Department agreed to review additional purported purchase record documentation to further resolve the discrepancy. Unfortunately, the documentation tendered to the Department on the date of the first hearing was not acceptable to the Department. The Department's rejection of that

---

[5] A hearing was originally scheduled for March 19, 2024, but was continued to allow Petitioners time to retain counsel and for an interpreter to be arranged. (C.R. at 92-93.) An interpreter was present for the rescheduled hearing on August 12, 2024. (*Id.* at 120.) Petitioners did not retain counsel, however, so they proceeded pro se. (*Id.* at 136.)

[6] Sutliff's testimony appears in the Certified Record at pages 152 through 209 and pages 245 through 253. Hoff's testimony appears in the Certified Record at pages 210 through 222, and Dukuly's testimony appears in the Certified Record at pages 223 through 244.

documentation was reasonable as those records lack the necessary credibility to demonstrate the purported purposes.

(*Id.* at 22.) The Hearing Examiner, "[w]ithout seeking to specify all areas of concern with the additional documentation provided," explained some of the inconsistencies contained therein. (*Id.* at 22-23.) The Hearing Examiner stated "[t]here are many similar inconsistencies between dates/times, product information, etc. across the various other additional receipts and computer generated invoices provided by Store to the Department . . . when compared with each other and the documentation previously provided as part of the audit process." (*Id.* at 23.) Accordingly, the Hearing Examiner did not credit the additional documentation and explained that even if considered, there is still a lack of documentation for the PediaSure. (*Id.*) Based upon these findings and conclusions, the Hearing Examiner denied Petitioners' appeal, and Petitioners sought review in this Court.

Before this Court, Petitioners argue there was a "paperwork error." (Petitioners' Brief at 2 (unnumbered).) Because there was no bad faith, Petitioners argue the maximum disqualification is excessive and/or disproportionate under the circumstances, rendering the decision arbitrary and capricious. Moreover, Petitioners argue they are willing and able to comply and, after briefing was completed, Petitioners filed their Motion requesting a remand to introduce what they claim is new evidence, specifically receipts showing what inventory was on hand.

The Department responds Petitioners were given multiple opportunities and extra time to explain the discrepancy between their documented inventory and the reimbursements sought. Yet, according to the Department, the receipts that were submitted had discrepancies in dates, times, and products, rendering them uncredible. Even had the receipts been deemed credible, the Department explains there are still 108 PediaSure products, for which have not been accounted. As for

5

the sanction, the Department argues the three-year disqualification is mandated as is reimbursement.

Our review is "limited to determining whether [] [P]etitioner[s'] constitutional rights were violated, whether errors of law were made, and whether necessary findings are supported by substantial evidence of record." *Valesky's Mkt. v. Dep't of Health*, 779 A.2d 1251, 1253 n.3 (Pa. Cmwlth. 2001). An agency's action is arbitrary and capricious only where it is unsupported by "any rational basis." *Cary v. Bureau of Pro. & Occupational Affs.*, 153 A.3d 1205, 1210 (Pa. Cmwlth. 2017). Where there is evidence that an action is logically based, there can be no finding that an action is arbitrary and capricious. *Id.* "Substantial evidence is such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *B.B. Kim's Mkt., Inc. v. Dep't of Health, Div. of Women, Infants & Child. (WIC)*, 762 A.2d 1134, 1135 (Pa. Cmwlth. 2000). We also "view the evidence in a light most favorable to the party who prevailed before the fact[]finder[,]" here, the Hearing Examiner. *Obimak Enter. v. Dep't of Health*, 200 A.3d 119, 126 (Pa. Cmwlth. 2018). We must also "give to the party in whose favor the appealed decision was decided 'the benefit of all inferences that can logically and reasonably be drawn from the evidence.'" *Id.* (quoting *B.J.K. v. Dep't of Pub. Welfare*, 773 A.2d 1271, 1276 (Pa. Cmwlth. 2001)).

Here, there is no dispute that Petitioners did not provide the Department with invoices or receipts that documented Store had adequate inventory on hand at the time of the sales for which it sought reimbursement. Instead, they argue that due to language and educational barriers, Hoff did not understand what was being sought and her daughter was not available to assist her at the time. Unfortunately, intent is not an element of a violation. The Department's regulations provide that a "[s]tore

6

violation" includes an "[i]ntentional or **unintentional** action by the owners, officers, managers, agents or employees of a WIC authorized store that violates the requirements in this part governing the store's participation in the WIC Program and that may result in a claim." 28 Pa. Code § 1101.2 (emphasis added).

To the extent Petitioners request to reopen the record and submit additional documentation, under these circumstances, we cannot grant such a request. The Department's regulations for the WIC program provide that the General Rules of Administrative Practice and Procedure (GRAPP) apply to appeal proceedings. 28 Pa. Code § 1109.1. Under GRAPP, a party may ask that a record be reopened after the conclusion of a hearing but before the issuance of a decision. 1 Pa. Code § 35.231(a). The request "shall set forth clearly the facts claimed to constitute grounds requiring reopening of the proceedings, including material changes of fact or of law alleged to have occurred since the conclusion of the hearing." *Id.* Here, the Hearing Examiner issued the Adjudication and Order before Petitioners filed their Motion in this Court seeking to reopen the record. Thus, it is untimely. *Wei v. State Civ. Serv. Comm'n (Dep't of Health)* (Pa. Cmwlth., No. 263 C.D. 2015, filed Sept. 18, 2015), slip op. at 5 ("GRAPP does not provide for the reopening of a case after the adjudication has been issued.").[7] Nor does the Motion set forth newly discovered evidence; the evidence Petitioners seek to introduce are dated March 15, 2023, April 13, 2023, and May 19, 2023, all of which was before the hearing in August 2024. While we are sympathetic to Petitioners' situation, the Department extended numerous opportunities for Petitioners to provide the requested information, before the disqualification letter and throughout the appeals process.

---

[7] Unreported panel decisions of this Court may be cited for their persuasive value pursuant to Rule 126(b) of the Pennsylvania Rules of Appellate Procedure, Pa.R.A.P 126(b), and Section 414(a) of this Court's Internal Operating Procedures, 210 Pa. Code § 69.414(a).

7

The Department even reduced the amount of reimbursement sought based on the documentation that had been subsequently provided.[8]

Having concluded the Hearing Officer's findings of a discrepancy are supported by substantial evidence and that we cannot reopen the record to allow additional evidence at this procedural posture, we turn to Petitioners' assertion that a three-year disqualification is extreme. As the Department points out, the length of the disqualification is not a matter within its discretion. Federal regulations governing the WIC program provide "[m]andatory vendor sanctions" for certain violations. 7 C.F.R. § 246.12(*l*)(1). Relevant here, the regulations provide

> The State agency **must** disqualify a vendor for **three years** for:
>
> > (A) One incidence of the sale of alcohol or alcoholic beverages or tobacco products in exchange for food instruments or cash-value vouchers;
> >
> > (B) **A pattern of claiming reimbursement for the sale of an amount of a specific supplemental food item which exceeds the store's documented inventory of that supplemental food item for a specific period of time**[.]

7 C.F.R. § 246.12(*l*)(1)(iii) (emphasis added). The Department's regulations are consistent with the federal regulations. *See* 28 Pa. Code § 1107.1a(c)(2) ("The Department will disqualify a WIC authorized store for 3 years for . . . [a] pattern of claiming reimbursement for the sale of an amount of a specific allowable food, which exceeds the store's documented inventory of that specific allowable food for a specific period of time."). "A pattern may be established during a single inventory audit encompassing a 2-month period when a WIC authorized store's records

---

[8] Sutliff testified at the hearing that the Department limited its review to a three-month period and sought a lower reimbursement because it was "in [] [S]tore's favor," as the discrepancy was much larger over the full six-month period. (C.R. at 176, 197-99, 247-48.)

indicate that the WIC authorized store's WIC check redemptions for a specific allowable food exceed the WIC authorized store's documented inventory for that allowable food." *Id.* The Department's audit establishes this pattern. Simply put, the Department does not have discretion to reduce the length of the disqualification in this instance. *See Diamond Mini Mkt. v. Dep't of Health*, 79 A.3d 759, 765 (Pa. Cmwlth. 2013) (holding regulations did not provide Department discretion to impose a lesser sanction for an overcharge).

Because Petitioners have not established they are entitled to reopen the record, we must deny their Motion. Moreover, because there is substantial evidence of record to support the Hearing Examiner's findings, we affirm the Adjudication and Order disqualifying Store for three years, which is mandated under the law for such violations.

_____
RENÉE COHN JUBELIRER, President Judge

IN THE COMMONWEALTH COURT OF PENNSYLVANIA

Satta Hoff and Executive African : 
Food & Fashion, : 
                Petitioners : 
: 
          v. :   No. 1784 C.D. 2024
: 
Department of Health, : 
                Respondent : 

# **O R D E R**

    **NOW**, June 10, 2026, the Adjudication and Order, entered in the above-captioned matter, is hereby AFFIRMED. Petitioners' "Motion to Remand or Reconsider based on Newly Available Evidence" is DENIED.

                              _____

                              RENÉE COHN JUBELIRER, President Judge